Filed 8/7/14  P. v. Escoto CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060807 |
| v. | (Super.Ct.No. BLF004858) |
| NOE ESCOTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed.

Noe Escoto, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Noe Escoto filed a petition for resentencing pursuant to Penal Code section 1170.126.[1]  The court denied the petition.  After defendant filed what

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

has been treated by this court as a notice of appeal, this court appointed counsel to represent defendant on appeal.[2] Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, and identifying one potentially arguable issue: Whether the trial court erred by denying defendant's motion to recall his sentence. We offered defendant the opportunity to file a personal supplemental brief, which he has done. In his brief, defendant requests we obtain copies of his 1994 plea agreement, in which he pled to second degree attempted murder (§§ 664, 187, subd. (a)) and second degree robbery (§ 211), in support of his contention that he was promised his convictions would only be considered as a single strike. We affirm the judgment.

---

[2] We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will assume the order is appealable and review defendant's appeal.

PROCEDURAL HISTORY[3]

On September 12, 1994, defendant was convicted by plea to second degree attempted murder (§§ 664, 187, subd. (a)) and second degree robbery (§ 211).[4] Defendant additionally admitted the truth of allegations he personally used a firearm in his commission of the offenses (§ 12022.5). The court sentenced defendant to a term of imprisonment of 12 years and four months.

On June 15, 2010, a jury convicted defendant of two counts of possession of a controlled substance in prison (counts 1 & 2; Pen. Code, § 4573.6) and possession of heroin for sale (count 3; Health & Saf. Code, § 11351). At a bifurcated court trial on two prior strike allegations, the People introduced exhibit 29, a "certified [Penal Code section] 969[, subdivision] (b) packet for the conviction in which the defendant suffered the two prior strikes." Defense counsel noted, "I've seen those documents. I don't object to them being reviewed by Your Honor because they say they're certified. What my concern, please, Your Honor, is my client informs me that in his sentencing of the alleged two-strike matter, my client informs me that he was only going to be getting one strike.

[3] By order dated June 9, 2014, we took judicial notice of the record in case No. E051638, the record of appeal from defendant's convictions in 2008. We likewise take judicial notice of the record in our case No. E057410, defendant's petition for writ of habeas corpus. (Evid. Code § 452, subd. (d) [judicial notice may be taken of any records of any court of this state].) We take a portion of our procedural history from these records.

[4] The record does not indicate whether the plea was one of guilty or nolo contendre.

3

[¶] Now, perhaps that would be put on the Tahl form, which I don't have. So I am not conceding or submitting on [the] issues of two strikes. Of course I will submit that each charge is a strike charge, but I'm maintaining that he did not suffer two strikes unless it is proved other and more persuasively than just the documents that you've received."

The People responded that its introduction of the section 969, subdivision (b), packet satisfied its burden to prove defendant had incurred the two prior strike convictions beyond a reasonable doubt. Thus, any contention defendant's prior plea deal provided that his conviction for the two strike convictions would constitute a single strike would be an "irregularity" which the defendant would bear the burden of proving in rebuttal.

The court found the prior strike conviction allegations true, but informed defense counsel, "You can obviously bring a further motion, if you wish, if there's something else you need to address with respect to what occurred when the plea was entered." The court asked defense counsel if he had "any evidence you wished to present with respect to the priors?" Defense counsel responded, "No, I don't at this time, but you have given me the opportunity if I do find something I could before sentencing provide you with something?" The court replied that it would.

Defendant filed a motion on August 20, 2010, in which he maintained he had not been advised of his constitutional rights when he pled to the prior strike convictions. At the hearing on the motion, defense counsel noted, "I did hire an investigator who used up the time, went to Santa Monica. My understanding is that the judge did not order in the

4

file the necessary documents to show that [defendant's] Boykin Tahl rights were given or administered." The People observed, "Your Honor, the attempt to attack the validity of the priors should have been raised at the trial on the priors. So having not done that, it is untimely. Not only untimely, but there is no grounds to be making this motion at this time." The court then read a minute order from defendant's plea to the prior strike convictions and stated, "Reading the documents, the documents indicate that [defendant] was advised of his constitutional rights."[5] Thus, the court denied defendant's motion to strike the prior strike convictions based upon the contention that he had not been advised of his constitutional rights when he entered his plea.

The court subsequently denied an oral *Romero*[6] motion to strike defendant's strike priors. The court sentenced defendant to an indeterminate term of imprisonment of 50 years to life consisting of 25 years to life on the count 1 offense and a consecutive 25 years to life on the count 2 offense. The court imposed, but stayed a sentence of 25 years to life on the count 3 offense pursuant to section 654. Defendant appealed the judgment.

On appeal, defendant contends the trial court abused its discretion in refusing to allow impeachment evidence as to the prosecution's chief witness and erroneously imposed consecutive sentences for counts 1 and 2. Defendant additionally asserted insufficient evidence supported his conviction for possessing controlled substances. In an

---

[5] The minute order of defendant's plea to the prior strike convictions is not a part of any of the records considered in this appeal.

[6] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

5

opinion dated August 30, 2011, we held defendant had been improperly convicted of two separate counts of possession of controlled substances in prison. Accordingly, we reversed and dismissed his conviction on count 1 and ordered the abstract of judgment amended to reflect the imposition of a single prison term of 25 years to life. In all other respects, we affirmed the judgment.

On October 31, 2012, defendant filed a petition for habeas corpus in this court.[7] Defendant raised a number of issues including that his plea to the prior strike convictions should have been considered as only one strike. Defendant attached no documentation supporting this contention. On November 13, 2012, we denied his petition.

On October 10, 2013, defendant filed his section 1170.126 petition in which he again asserted his plea to the prior strike convictions counted as only one strike. Defendant acknowledged that he bore the burden of production, but, again, failed to provide any documentation of his 1994 plea agreement. Instead, defendant filed a motion for discovery seeking copies of the plea bargain, transcript, and abstract of judgment from his prior strike convictions asserting the requested materials would reflect a stipulation that the prior strike convictions would constitute a single strike.

The People filed opposition to defendant's petition noting that regardless of defendant's contentions regarding the plea agreement to the prior strike convictions, defendant was ineligible for resentencing pursuant to section 1170.12, subdivision

---

[7] It does not appear defendant sought habeas relief in the trial court in the first instance.

6

(c)(2)(C)(iv)(IV), because he had a prior conviction for attempted murder. Defendant appeared at the hearing on his petition represented by counsel. The same court that presided over the trial in which defendant was convicted of the possession of controlled substances in prison and possession for sales, which found the prior strike conviction allegations true, and sentenced defendant in that case, presided over the hearing on defendant's petition.

The court noted, "[A]ccording to my recollection, [defendant] was convicted of two strikes—or those were found true when I originally sentenced him, because I gave him 25 to life on each count, ran those consec[utive], and that was reversed . . . . And then I resentenced him to 25 to life." Defense counsel recollected, "I do remember that I did a *Romero* motion, and it was oral, and it was denied." The court ruled "the request to reconsider the sentence that has been previously imposed will be denied. The previous sentence of 25 to life will still be imposed." The court reasoned the People had "put forth documentary evidence that shows that [defendant] had a super strike in his background, that precludes him from being treated as a second-strike defendant."

## DISCUSSION

As the People noted in their opposition to defendant's petition, an inmate is ineligible for resentencing pursuant to section 1170.126 if he has been convicted of "[a]ny homicide offense, including any attempted homicide offense . . . ." (§§ 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).) The abstract of judgment and probation report from defendant's 1994 convictions clearly reflect that he was convicted of

7

attempted murder. Defendant does not argue otherwise. Thus, regardless of defendant's contention that his prior strike convictions constituted only a single prior strike conviction, defendant remains ineligible for resentencing pursuant to section 1170.126.

Moreover, as the People at the sentencing hearing noted and defendant later acknowledged, defendant bore the burden of proving any contention that his convictions for attempted murder and robbery should be considered as only one, rather than two, prior strike convictions. (See *In re Champion* (2014) 58 Cal.4th 965, 1006-1007 [defendant in petition for writ of habeas corpus ""bears a heavy burden initially to plead sufficient grounds for relief, and then later to *prove* them""].) Defendant has failed to carry his burden.

Here, defendant could have directly, but did not, raise the issue of whether his plea to two prior strike conviction offenses constituted only a single prior strike at the trial on his prior strike convictions, at sentencing on the prior strike convictions, and on appeal of that judgment. Defendant did, however, raise the issue in his petition for writ of habeas corpus, which this court denied. We will not continue to consider the merits of a claim defendant has already raised, which has been rejected. (*In re Clark* (1993) 5 Cal.4th 750, 775-776 ["before considering the merits of a second or successive petition, a California court will first ask whether the failure to present the claims underlying the new petition in a prior petition has been adequately explained"] Furthermore, defendant chose to forgo his opportunity for a direct appeal from the 1994 convictions "with its attendant unconditional free transcript." (*U.S. v. MacCollom* (1976) 426 U.S. 317, 325.) Since a

8

copy of the plea agreement and transcript of the 1994 plea would not avail him in the immediate proceedings, he has no entitlement to those documents.  (*Id*. at pp. 325-326.) Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.